BENJAMIN T. SNYDER V. THOMAS PORTER.

. FILED JUNE 18, 1903.   No. 12,884.

1. **Forcible Detainer:** PLEA: WAIVER. In an action of forcible detainer, a tenant, by failing to avail himself of the plea of not guilty and by pleading as a defense to the action a verbal agreement to extend his term, waives any objection he might have urged to the sufficiency of the notice to terminate his lease.

2. **Termination of Lease.** One who claims that the action taken by his landlord is insufficient to terminate his lease, must pay or tender payment of the rent due or he will be considered as a tenant holding over his term under section 1021 of the code.

ERROR to the district court for Sherman county: HOMER M. SULLIVAN, DISTRICT JUDGE. *Affirmed.*

*Richard J. Nightingale,* for plaintiff in error.

*Thomas S. Nightingale, Elliot J. Clements* and *J. S. Pedler, contra.*

BARNES, C.

The defendant, herein, commenced this action in the county court of Sherman county against the plaintiff in error, to recover the possession of lots 16, 17 and 18, in block 34 of the original town, now village, of Loup City, and to that end filed his complaint in forcible entry and detainer, which was in the usual form; and alleged, among other things, that in October, 1900, he rented the premises to the plaintiff at a monthly rental of $4, and that the

term extended from month to month, for an indefinite period; that the rent was payable on the 17th day of each month; that on the 17th day of February, 1901, he duly terminated the lease; that the plaintiff, herein, was holding over his term; that he had served a notice on him on the 18th day of March, following, to vacate the premises on or before the 25th of that month. It appears that, thereafter, he commenced this action. The answer did not contain the usual plea of "not guilty," but, instead of such plea, the plaintiff, herein, alleged that, by the conditions of a notice served on him on the 18th day of February, 1901, the lease did not expire until the following 17th day of April, and that the action was prematurely brought. A further defense was pleaded in the nature of an oral contract made between the parties, on or about the 14th day of February, 1901, to extend the lease until the 17th day of May following. On these issues the cause was tried, and resulted in a finding and judgment for the defendant, herein, for the restitution of the premises. An appeal was taken to the district court where the cause was tried upon the pleadings filed in the county court. A jury was waived, and at the close of the evidence the court found, among other things, that, at the time the action was commenced, the plaintiff, therein, was entitled to the possession of the premises, and rendered a judgment of restitution. A motion for a new trial was filed and overruled, and the defendant prosecuted error to this court.

The record contains no bill of exceptions, hence the findings of fact cannot be assailed. It is contended, however, by the plaintiff in error, that the facts found by the court are not sufficient to sustain the conclusion of law, for the reason, that the notice, or notices, were not sufficient to terminate the lease and that the action was prematurely brought. The principal contention is, that this case must be decided according to the rules of the common law, which plaintiff alleges are in force in this state, and, by which, it is claimed that plaintiff was en-

titled to a notice to quit, served on, what he terms, the rent day; that service of notice on any other day was illegal; that he was entitled to a full month's notice, and that the time fixed thereby for the termination of the lease, must have been on the rent day, to wit, the 17th day of the month. These are the questions which are urged by the plaintiff as a ground for a reversal of the judgment of the district court. It may be conceded that the common law, so far as it relates to leases, is in force in this state, and yet we think the conclusion of law and judgment of the trial court were right. The plaintiff failed to include in his answer a plea of not guilty, and by alleging a verbal agreement by which, it was claimed, he was to have possession of the premises until the 17th day of May, 1901, he waived any defect in the notice by which it was sought to terminate the lease. On the issues thus presented by the plaintiff, the court found against him, and, in the absence of a bill of exceptions, such finding will be sustained if warranted by the pleadings. It further appears from the record, that the plaintiff did not pay or tender payment of any rent, from or after the time when, it is alleged in the complaint, and found by the court, the lease was terminated. Having failed and neglected to pay the rent or tender it, when due, the plaintiff was, on and after February 17, 1901, a tenant holding over, under the provisions of section 1021 of the code; he was, thereafter, entitled to only the three days' notice provided for in section 1022 of the code. The court having found that such notice was served, it follows that the defendant was, thereafter, authorized to maintain this action.

We therefore hold that the plaintiff must fail in his contention, and we recommend that the judgment of the trial court be affirmed.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.